**TEXAS & P. RY. CO. v. UNITED STATES.**
No. M–53.

Court of Claims.
May 29, 1933.

540

Robert Anderson, of Washington, D. C. (Adrian C. Humphreys, of New York City, on the brief), for plaintiff.

Joseph H. Sheppard and W. W. Scott, both of Washington, D. C., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WILLIAMS, WHALEY, and GREEN, Judges.

LITTLETON, Judge.

The question presented in this case is the same as that decided in Denver Rock Drill Mfg. Co. v. United States, 59 F.(2d) 834, 75 Ct. Cl. 475, in which we held that where there was no excess profits tax payable in a year subsequent to a taxable year in which the taxpayer failed to take adequate deductions from income there was no decrease in invested capital within the meaning of sections 281 (c) and 284 (c) of the Revenue Acts of 1924 and 1926 (26 USCA § 1065 (c) and note), and that a taxpayer was not entitled to recover an overpayment for the year in which adequate deductions from gross income were not taken, beyond the statutory period of limitation provided by law.

In this case no profits tax was due or paid for any of the excess profits tax years from 1917 to 1921, inclusive, inasmuch as the excess profits tax credit for each year was in excess of the net income. The failure of plaintiff to take adequate deductions for 1916 did not, therefore, affect the amount of tax payable by it in any of the excess profits tax years 1917 to 1921, inclusive. The result of its failure to take the deduction for 1916 was the same as if it had failed to take a deduction in that year for the personal exemption provided by the statute, which can have no effect upon the amount of income or profits tax payable in any subsequent year. For the reason stated in Denver Rock Drill Mfg. Co. v. United States, supra, the plaintiff is not entitled to recover the overpayment for 1916 and the petition must be dismissed. It is so ordered.

WILLIAMS and GREEN, Judges, concur.

WHALEY, Judge, dissents.

BOOTH, Chief Justice, did not hear this on account of illness, and took no part in its decision.